**BOUIS v. ÆTNA CASUALTY & SURETY CO.**

**Civ. A. No. 2924.**

United States District Court
W. D. Louisiana, Shreveport Division.

April 30, 1951.

Luther S. Montgomery, Richard H. Switzer, Irion & Switzer, Shreveport, La., for plaintiff.

Cook, Clark & Egan, Shreveport, La., for defendant.

DAWKINS, Chief Judge.

A ruling upon the motion for rehearing herein has been delayed because of the pendency in the Court of Appeals for this Circuit of Case No. 13284, entitled Belanger v. Great American Indemnity Co., 188 F.2d 196, wherein similar issues were involved. The latter case has now been decided in an opinion handed down on April 20, 1951, in which it was found that the statutes discussed in the former decision in the present case, held by this court to have a retroactive effect, were passed after the Belanger suit had been finally decided and dismissed. The Appellate Court states its conclusions as follows: "This contention is unsound for the reason that it misapplies the principle which permits a change of procedure to affect pending proceedings from the effective date of the change and in the subsequent course of litigation to an entirely different situation where the litigation has been terminated and closed in accordance with then existing law prior to the change and enlargement of remedy. In such latter case, a change in the procedural law does not operate retroactively so as to affect a proceeding which had already been terminated by judgment before the enactment of the amendment. The concurrent resolution of 1950 expressing the legislative determination by that body

of the 'intention' of the Legislature of 1948, can in no event have more effect than if considered as an amendment, or new statute, since as to the litigation already closed, the question concerns the correctness of the construction and application given to the existing statute as written and enforced at the time of the adjudication. The defendant was entitled to have its rights determined in accordance with existing law, and this being done, the adjudication may not be annulled by subsequent legislation."

While the present case was filed on February 21, 1950, prior to the passage of the Acts of the Legislature in 1950, (Acts La. Nos. 541, 542,) and the above motions were likewise filed before such legislation, these measures had gone into effect when the opinion in this case was handed down on the 7th day of August, 1950. D.C., 91 F.Supp. 954. The present case is still pending and untried on the merits, notwithstanding the motions were heretofore denied. Hence, the Acts of the Legislature of 1950 have long since gone into effect.

The Court of Appeals decision, therefore, has no effect upon the present case, and being of the opinion that the conclusions heretofore announced are correct, the motion for rehearing will be denied.